In the Matter of the Estate of HAROLD GREGSON, Deceased.

Surrogate's Court, New York County, April 10, 1930.

*William W. Pellet,* for the petitioner.

*Francis A. Castellano,* for the objector.

O'BRIEN, S. This contested will case was tried without a jury. *The will is holographic.* The only issue raised was whether the paper was executed in the manner prescribed by the statute. *The only testimony offered upon the trial was that of the two subscribing witnesses, George Illian and George Davidson.* The latter being ill at the time of the trial, his testimony was taken by deposition. The testimony of Illian, a credible witness, was to the effect that testator called him into his studio, which was on the same floor as the studios of Illian and of Davidson in a building at 11 East Fourteenth street (all were artists), and referring to the propounded paper said: " Will you witness the signature to my will? " that the paper already bore his, Gregson's, signature; that he, Illian, signed it at the foot of the attestation clause. He further testified that Davidson, the other witness, was present at the time. Davidson testified that testator came into his studio and with the paper in question in his hand told him it was his will and said: " Will you please put your name on this, George? " and that he signed it at the foot of the attestation clause. Thus the requirements of the statute were complied with. There were some small discrepancies in the testimony of these two witnesses, viz.: (1) Davidson declared he signed the paper in his own studio while Illian said that Davidson signed it in testator's studio; (2) Illian declared that he was present when Davidson signed the paper while the latter testified that he and testator were alone at that time. These and other and minor discrepancies in their testimony may be readily understood when we recall that ten years have elapsed since the execution of the paper. The face of the paper bears three different dates, all of which apparently are written in different ink, one date, " March 8, 1920," at the head of the will apparently in the same ink as that used in the body of the will; the second " March 10," at the end of the will, the numeral " 10 " being in green ink; and " March 9th " in the attestation clause in an ink apparently the same as that used by the two witnesses. The green ink above referred to is in the same color as that used in a holographic unwitnessed codicil dated June 8, 1921, on the back part of the same sheet of paper on which the will is written. While the inscription of three different dates is unexplained by the testimony and thus left to our own guessing, neither· said inscriptions nor any inferences which may be drawn therefrom are fatal to the due execution of said paper. I am satisfied that the

requirements of the statute were met and I hold that the paper should be admitted to probate. As previously stated, there are two paragraphs entitled codicils written on the reverse side of the propounded paper, one in black ink and dated March 8, 1920, and one in green ink and dated June 8, 1921. Being unattested they are not entitled to probate. Moreover, there was appended to the propounded paper by a brass clasp a separate writing dated March 8, 1920, which likewise is unattested. For this reason it also will be denied probate. Submit decree admitting the face of the former paper to probate.